UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY PATRICK O'LAUGHLIN, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:06CV1500(TCM) ) |
| DENNIS MUDD, et al., | ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy Patrick O'Laughlin for leave to commence this action without payment of the required filing fee [Doc. #1].[1] See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff O'Laughlin will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

---

[1] Although the civil complaint filed in this case is also signed by August T. Schauwecker, the Court has not received a motion to proceed in forma pauperis from Mr. Schauwecker or the required filing fee. Because of the disposition, below, of this case, the Court will not require Mr. Schauwecker - who appears to be confined at the St. Louis Psychiatric Rehabilitation Center - to submit a motion to proceed in forma pauperis or pay the filing fee.

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiffs seek damages against defendants Dennis Mudd, Rick Joshua Thompson, Joshua Wright, and Mary Schultz. Briefly, plaintiffs allege that defendants Mudd, Thompson, and Wright are children who broke into their home and set it on fire. Plaintiffs seek damages from the children and their parents.

### Discussion

Plaintiffs' complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because all of the defendants are private, non-governmental actors, this Court has jurisdiction over

plaintiffs' claims only as provided in 28 U.S.C. § 1332 (diversity jurisdiction). Because plaintiffs and defendants all reside in the same State (Missouri), however, complete diversity of citizenship between the parties does not exist. 28 U.S.C. § 1332(a). Therefore, this Court lacks jurisdiction to entertain plaintiffs' claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff O'Laughlin's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2007.